IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES T. CONWAY, III,

     Petitioner,

  v.                                  Case No. 2:07-cv-947
                                      JUDGE ALGENON L. MARBLEY
MARC C. HOUK, Warden,           Magistrate Judge Norah McCann King

     Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion for leave to conduct discovery (Doc. # 30), Respondent's response in opposition (Doc. # 31), and Petitioner's reply (Doc. # 32).

### I. Overview

Petitioner seeks the following limited discovery. First, he asks the Court to incorporate the discovery order from another capital habeas corpus case that Petitioner is litigating. Petitioner explains that he is under two separate sentences of death in Ohio, the first of which he is challenging here and the other of which he is challenging in Case No. 3:07-cv-345. Petitioner further explains that, although the death sentences involve two unrelated murders, "[i]n both cases the prosecution relied upon the testimony of jailhouse informant Ronald Trent and Michael Arthurs." (Doc. # 30, at 2.) Noting that Magistrate Judge Merz in Case No. 3:07-cv-345 recently granted Petitioner leave to conduct substantial discovery concerning Ronald Trent and asserting that that discovery is also relevant to identical issues before this Court, Petitioner asks

this Court to permit him to have the benefit of the discovery obtained in that case.[1] Petitioner also asks the Court to continue these proceedings to the deadline imposed by Magistrate Judge Merz for completing discovery in Case No. 3:07-cv-345.

Second, Petitioner requests leave to conduct a records deposition of the Columbus Police Department to obtain records from the investigation of the homicide at issue in the instant case. Petitioner explains that the homicide in this case arose out of a fight at a local strip club and that, "[a]s can be expected in a case involving a 'bar room brawl,' the prosecution's witnesses often contradicted each other." (Doc. # 30, at 4.) Petitioner further asserts that three aspects of the investigation highlight the weakness of the prosecution's case and thereby warrant the discovery that Petitioner seeks: (1) alleged irregularities or questions surrounding the photo arrays that police showed to witnesses; (2) the fact that Mandel Williams (the surviving victim and person who stabbed Petitioner's brother during the melee) spoke to police three times and initially lied about his involvement in the fight, had a gun in his car, and initially identified someone else as the shooter; and (3) the fact that Dr. Keith Norton, the deputy coroner, changed his autopsy report nine months after the shooting.

Respondent opposes Petitioner's request in its entirety. (Doc. # 31.) Concerning Petitioner's requests to incorporate the discovery that he obtains in Case No. 3:07-cv-345 and for a continuance, Respondent argues that both requests should be denied because most of that discovery is irrelevant to the claims before this Court. Respondent goes on to argue that Petitioner's request to conduct a records deposition of the Columbus Police Department should

---

[1] Magistrate Judge Merz's discovery order in Case No. 3:07-cv-345 is attached to the instant motion as Doc. # 30-1.

also be denied because "Petitioner simply fails to inform this Court how that discovery would support any of his claims for relief." (*Id*. at 5.)

## II. Standard

The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply in habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings. As a result of the holding in *Harris*, the Rules Governing Section 2254 Cases In United States District Courts were promulgated in 1976. Specifically, Rule 6(a) provides--

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief....'" *Bracy*, 520 U.S. at 908-909 (quoting *Harris*, 394 U.S. at 300). *See also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). In keeping with the well settled principle that habeas petitioners are not entitled to go on a fishing expedition in search of damaging evidence, this "good cause" standard requires the petitioner to at least attempt to identify what he expects to uncover through his discovery requests. *See Williams v. Bagley, supra*, 380 F.3d at 976.

III. Analysis

Petitioner's motion will be granted in part and denied in part. Petitioner's request for a continuance is denied as unnecessary. First, the date sought, *i.e.*, October 31, 2009, has passed. Second, the October 4, 2007 scheduling order currently in effect does not require any additional briefing beyond the motion for discovery presently before the Court, which obviates any need for a continuance. (Doc. # 17; *see also* Doc. # 29, at 102.) Accordingly, Petitioner's motion for a continuance is DENIED as moot.

Petitioner's request to incorporate the discovery order from Case No. 3:07-cv-345 is also denied as unnecessary. Notwithstanding Petitioner's failure to explain in more detail how the discovery conducted in that case would further claims before this Court, the fact remains that this Court need not determine whether Petitioner can demonstrate good cause to conduct discovery that he has already been granted leave to conduct (and presumably has conducted). If Petitioner wants this Court to consider any of the information or materials that he has obtained through the discovery that he conducted in Case No. 3:07-cv-345, he can file a motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Until such time, there is no issue concerning that discovery that this Court needs to resolve. Petitioner's motion to incorporate the discovery order from Case No. 3:07-cv-345 is DENIED as moot.

Petitioner's motion for leave to conduct a records deposition of the Columbus Police Department is well taken. Petitioner's request is limited and is not likely to be overly burdensome on the Columbus Police Department. Further, Petitioner's request is not so open-ended or speculative as to strike this Court as a "fishing expedition." Rather, Petitioner's request is supported by specific questions about the homicide investigation sufficient to find that the

discovery sought may produce evidence relevant to several claims before this Court. Although the Court ordinarily would prefer Petitioner to identify the claims for which he seeks discovery and at least attempt to identify what he expects to uncover through his discovery requests that would further those claims, the Court is willing, out of an abundance of caution and in the interests of judicial expediency and efficiency, to accept that the discovery that Petitioner seeks <u>may</u> produce evidence relevant to claims six (challenging the refusal of the trial court to allow defense counsel to introduce a computer simulation reconstructing the shooting); nine (challenging the refusal of the trial court to instruct the jury on the lesser included offenses of manslaughter and involuntary manslaughter); ten (challenging the sufficiency of the evidence supporting the essential element of prior calculation and design for aggravated murder); eleven (challenging the sufficiency of the evidence supporting the single aggravating circumstance); fifteen (challenging the effectiveness of defense counsel during all stages of the trial proceedings); and sixteen (challenging the effectiveness of appellate counsel). Petitioner's motion for leave to conduct a records deposition of the Columbus Police Department to obtain information about the homicide investigation in this case is GRANTED.

Although the Court finds that discovery is warranted as described above, the Court will not permit prolonged, unlimited discovery. Since the discovery request granted by this Court consists of only a records deposition, Petitioner will have two (2) months from the date of this Order to complete that discovery. At the conclusion of that two-month period, Petitioner shall file any motion to expand the record and/or for an evidentiary hearing. Respondent shall have thirty (30) days to file any memorandum in opposition. Petitioner shall have fifteen (15) days to file any reply.

For the foregoing reasons, Petitioner's motion for leave to conduct discovery (Doc. # 30) is **GRANTED** in part and **DENIED** in part consistent with the foregoing.

**IT IS SO ORDERED.**

                                                <u>s/Algenon L. Marbley</u>
                                                **ALGENON L. MARBLEY**
                                                **United States District Judge**